# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VERNESSA MARIE GOMEZ,**

**Plaintiff,**

**v.**                                    **Case No:   6:19-cv-2425-Orl-18LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Vernessa Marie Gomez (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits. (Doc. 1). The Claimant raises a single argument challenging the Commissioner's final decision and, based on that argument, requests that the matter be reversed and remanded for an award of benefits or, in the alternative, further proceedings. (Doc. 28 at 9-13, 19). The Commissioner argues that the Administrative Law Judge (ALJ) committed no legal error and that his decision is supported by substantial evidence and should be affirmed. (*Id*. at 14-19). Upon review of the record, I respectfully **RECOMMEND** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.      Procedural History

This case stems from the Claimant's application for disability insurance benefits. (R. 331-32). The Claimant alleged a disability onset date of January 2, 2015. (R. 22). The Claimant's application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who held hearings on March 12, 2018 and November 19, 2018. (R. 41-62). The Claimant

and her representative attended both hearings.  (*Id.*).  The ALJ also heard testimony from Dr. Nathan R. Strahl,[1] a non-examining medical expert, at the second hearing.  (R. 43-46).  On November 29, 2018, the ALJ entered a decision denying the Claimant's application for disability benefits.  (R. 22-33).  The Claimant requested review of the ALJ's decision, but the Appeals Council denied her request.  (R. 1-3).  This appeal followed.

## II.    The ALJ's Decision

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a)(4) in reaching his decision.[2]  In doing so, the ALJ found the Claimant met the insured status requirements of the Social Security Act through December 31, 2020, and that the Claimant has not engaged in substantial gainful activity since the alleged onset date of January 2, 2015.  (R. 24). The ALJ next found that the Claimant suffers from severe impairments of schizophrenia (paranoid type) and psychotic disorder (unspecified, by history) but determined that the Claimant did not have an impairment or combination of impairments that met or medically equaled any listed impairment. (R. 25-27).

The ALJ found that the Claimant has the residual functional capacity ("RFC") to perform a

---

[1] Dr. Strahl's name was misspelled in the hearing transcript as "Dr. Stroll." (R. 42).  The spelling used in this Report is consistent with how his name is spelled in the ALJ's decision (R. 22) and his resume (R. 714).

[2] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy.  *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

full range of medium work as defined by 20 C.F.R. § 404.1567(c),[3] "except she is limited to occasional contact with the public and simple routine tasks and no complex instructions."  (R. 27). In light of this RFC, the ALJ found that the Claimant is unable to perform her past relevant work as an airport utility worker.  (R. 31).   The ALJ, however, found that the Claimant could perform other work in the national economy, including work as a cleaner, store laborer, and poultry hanger.  (R. 32-33).   Accordingly, the ALJ concluded that the Claimant was not disabled between her alleged onset date (January 2, 2015) through the date of the decision (November 29, 2018).  (R. 33).

**III.    Standard of Review**

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.  *Bloodsworth v.*

---

[3] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.   If someone can do medium work, we determine that he or she can also do sedentary and light work."   20 C.F.R. § 404.1567(c).

*Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.    Analysis**

      This appeal centers on the ALJ's consideration of Dr. Strahl's opinion.   (Doc. 28 at 9-13). The Claimant argues that the ALJ erred by assigning Dr. Strahl's opinion great weight but not explaining why he failed to account for the portion of his opinion in which he opined that the Claimant meets Listing 12.03 when she does not take her medication.   (*Id*. at 11-13).   The Claimant also appears to argue that the error is compounded by the ALJ's failure to address the reason for the Claimant's noncompliance.   (*Id*. at 13 (citing *Pate-Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009)).

      The Commissioner does not squarely address the Claimant's arguments.   (*See id*. at 16-19). Instead, the Commissioner focuses on the portion of Dr. Strahl's opinion in which he opined that the Claimant could perform simple, routine, repetitive work and work cooperatively with others when she is taking her medications.   (*Id*. at 17; R. 27).   The Commissioner contends the ALJ's decision to assign that portion of Dr. Strahl's opinion great weight – and to account for it in his RFC determination – is supported by substantial evidence.   (Doc. 28 at 17-19).

      The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238.   The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."   *Lewis*, 125 F.3d at 1440.   In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other sources.   *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[4]

---

      [4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.  20 C.F.R. § 404.1527(c).

The opinion of a non-examining physician is generally entitled to little weight and, "taken alone, do[es] not constitute substantial evidence." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).  Regardless of the medical opinion's source, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned.  *Winschel*, 631 F.3d at 1179.  The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence.  *Id*.

The Claimant has suffered from various mental impairments since at least 2006.  (*See* R. 510-86).  These impairments cause the Claimant to experience visual and auditory hallucinations. (*Id*.).  The Claimant has been treated with medication, but she was largely noncompliant with her medications prior to the alleged onset date.  (R. 524-25, 540, 550, 553, 556, 559, 563).  The Claimant's noncompliance continued after the alleged onset date (January 2, 2015).  (R. 571-72, 575).  However, in or around August 2015, the Claimant began to take her medications as prescribed (R. 590-91, 594-95, 598, 610, 625, 632-33, 635, 637-40, 653-54, 655, 657, 659-60, 667, 685, 690), with only intermittent instances of partial noncompliance (R. 590-91, 594-95, 632-33, 690, 709).

---

authority.  *See* 11th Cir. R. 36-2.

At the second hearing, the ALJ ask Dr. Strahl, who only reviewed the Claimant's medical records, a series of questions about the Claimant's impairments and the limitations caused by those impairments, resulting in the following colloquy:

**ALJ**:   And based on your review, what are the diagnoses from a psychiatric viewpoint?

**Dr. Strahl**:   Yes, Your Honor, the claimant presents with a singular diagnosis that is present currently one historically added on, the diagnosis that she carries is schizophrenia, paranoid type. And that's been diagnosed going back even to 2006. Historically, but no longer relevant is a history of substance use disorder with ampthetamine, that is no longer relevant, that is of historical significance only. So, the only diagnoses that we have for her is schizophrenia, paranoid type.

**ALJ**:   All right. And does this condition meet or equal the listing?

**Dr. Strahl**:   Your Honor, there's a dual phase to this, the claimant has a significant history of poor medication compliance. Whenever mental health records are recorded, invariably they're recorded because she commenced her medicine, didn't take it for months or even years at a time, comes back into treatment, takes the medication and does well with it, specifically Abilify. So, we have records indicating that when she's compliant to her medication, that is following doctor's orders, she would not meet or equal a listing. However, when she doesn't take her medication, she has very bothersome hallucinations and paranoid thinking that would at that time prevent her from being capable of working or that she would meet the B Criteria during those episodes.

**ALJ**:   Well, without the medication, does she meet the listing?

**Dr. Strahl**:   That's the question you just asked, without the medication, she meets the listing, with the medication, she does not.

**ALJ**:   Okay. What listing?

**Dr. Strahl**:   Schizophrenia, 12.03.

**ALJ**:   All right. And take us through the B Criteria, of let's say without the -- with the medication.

**Dr. Strahl**:   With medication with the B Criteria, is also not too far distant the history of working where the job was lost because the contract to the company was lost, not because of her mental illness. So, we have a history of her being well enough to work, relatively recently. Criteria would be as follows, based on functionality attributes, cognitively, I'd give her mild; ability to relate to others, I give her mild;

concentration, focus, persistence and pace, I give her moderate; adaptability, I give her mild, her disorder with compliance to medication.

**ALJ**:   All right.  And take us through the functional work-related limitations, complex instructions and so forth.

**Dr. Strahl**:   Yes, Your Honor, I see her doing simple, routine, repetitive task, low level detailed tasks, you don't want her to do complex work because the anxiety that can bring on, she can work closely with supervisors, appropriately with coworkers and up to 70% with the public; all this is compliance and medication management.

(R. 44-46).   Accordingly, Dr. Strahl opined that when the Claimant is not taking her medications she meets Listing 12.03, but when she is compliant she could perform simple, routine, repetitive work and work cooperatively with others.   (*Id.*).

The ALJ considered Dr. Strahl's opinion and assigned it great weight without qualification. (R. 28-29).   The ALJ, however, did not find that the Claimant met Listing 12.03, which would require a finding of disability.   (*See* R. 25-27).   Instead, it appears the ALJ only credited the second portion of Dr. Strahl's opinion, which addressed the Claimant's functional limitations when she is fully compliant with her medication.   (R. 28-29).

The ALJ is not required to include every limitation in a medical opinion verbatim into the RFC determination simply because he assigned the opinion great weight.   *Ross v. Comm'r of Soc. Sec.*, No. 6:15-cv-1764-Orl-DCI, 2017 WL 1180004, at *7 (M.D. Fla. Mar. 30, 2017).   The ALJ, however, is required to provide a reasoned explanation as to why he chose not to include particular limitations in the RFC determination.   *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."); *see also Monte v. Astrue*, No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without

providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)).

Having given great weight to Dr. Strahl's opinion, the ALJ should have provided a reasoned explanation as to why the RFC determination did not include or account for Dr. Strahl's opinion that Claimant meets Listing 12.03 when she does not take her medication. *See Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at *6-7. The ALJ did not do so. Without any explanation for this omission, I am unable to conduct a meaningful review of the ALJ's decision to not include or account for Dr. Strahl's opinion that Claimant meets Listing 12.03 when she does not take her medication; a situation which has occurred several times during the relevant period (R. 590-91, 594-95, 632-33, 690, 709). I therefore find the ALJ's decision is not supported by substantial evidence. *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 871-72 (11th Cir. 2012) (holding that the ALJ erred by giving great weight to a doctor's opinion but not incorporating all of that doctor's limitations in the RFC determination or giving a reason for not doing so); *Rosario v. Comm'r of Soc. Sec.*, No. 6:12-cv-1687-Orl-GJK, 2014 WL 667797, at *3 (M.D. Fla. Feb. 20, 2014) (reversing and remanding for further proceedings where the ALJ gave significant weight to a state agency psychologist's opinion that the claimant was limited to low stress settings but failed to explain why she did not include or otherwise account for that limitation in her RFC determination and hypothetical questions to the VE).

Further, to the extent the ALJ rejected Dr. Strahl's opinion that Claimant meets Listing 12.03 because it was predicated on the Claimant's failure to take her medications, I still find the ALJ's decision is not supported by substantial evidence. Although the Eleventh Circuit has not held that an ALJ is required to consider the effect of a claimant's mental impairment on his or her noncompliance, several district courts within the Eleventh Circuit, as well as other circuit courts,

have highlighted the importance of doing so.  *See Kidd v. Comm'r of Soc. Sec.*, No. 6:15-cv-535-Orl-DAB, 2016 WL 3090401, at *5 (M.D. Fla. June 2, 2016) (finding that "a mentally ill person's noncompliance with psychiatric medications can be, and usually is, the 'result of [the] mental impairment [itself] and, therefore, neither willful nor without a justifiable excuse'") (quoting *Pate-Fires*, 564 F.3d at 945); *Conway v. Colvin*, No. 3:14-CV-1004-J-JRK, 2015 WL 5772056, at *4 (M.D. Fla. Sept. 30, 2015) (noting that "a number of courts have recognized the importance of considering whether a claimant's bipolar disorder or other mental illness contributes to the claimant's noncompliance with medication").  Here, the ALJ mentioned several occasions when the Claimant was found not to be taking all her medications, several of which occurred during the relevant period.  (R. 29-30; *see* R. 590-91, 594-95, 632-33, 690, 709).  The ALJ, however, did not explore this issue at either hearing (R. 41-62), nor did he make any findings about the reasons underpinning the Claimant's noncompliance.  Accordingly, to the extent the ALJ rejected Dr. Strahl's opinion that Claimant meets Listing 12.03 because that opinion was based on her noncompliance, that decision is not supported by substantial evidence due to the ALJ's failure to consider and make a finding regarding the reasons for Claimant's noncompliance.

The Claimant requests that the case be reversed for an award of benefits or, in the alternative, remanded for further proceedings.  (Doc. 28 at 19).  The Claimant does not provide any argument or authority in support of either request.  (*Id*.).  A reversal for an award of benefits is only appropriate where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the Claimant has suffered an injustice, *see Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).  While assigning Dr. Strahl's entire opinion great weight may support a finding of disability under Listing 12.03, the ALJ should be given an opportunity to clarify the weight he assigned to Dr.

Strahl's opinion.   Accordingly, neither the reason necessitating reversal nor the record establish that the Claimant is disabled beyond a doubt.   And the Claimant has not shown that she has suffered an injustice, nor does the record support such a finding.   I therefore recommend that the Court reject the Claimant's request to remand the case for an award of benefits, and, instead, remand the matter for further proceedings so the ALJ may clarify the weight assigned to Dr. Strahl's opinion.

## V.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's final decision be **REVERSED** and **REMANDED** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk be **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner.

3. The case be closed.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 13, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy