UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VERNESSA MARIE GOMEZ,**

    **Plaintiff,**

v.                                                            Case No: 6:19-cv-2425-Orl-18LRH

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

THIS CAUSE concerns Plaintiff Vernessa Marie Gomez's ("Gomez") appeal from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits. On March 26, 2020, the Commissioner filed a certified copy of the record of administrative proceedings related to Gomez's case. (*See* Administrative Record, filed at Doc. 22, hereinafter referred to as "R"). On November 13, 2020, the United States Magistrate Judge issued a report and recommendation (the "Report and Recommendation") (Doc. 29) recommending that the Commissioner's decision be reversed and remanded for further proceedings pursuant to 42 U.S.C. § 405(g). (*Id.* at 10.) As set forth below, the Court respectfully declines to adopt the Report and Recommendation and will affirm the Commissioner's decision.

## I. BACKGROUND

In June 2015, Gomez applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423, alleging a disability onset date of January 2, 2015. (R. 22.) Gomez's claims were denied initially and upon reconsideration. (*Id.*) Thereafter, administrative law judge ("ALJ") John Marshall Meisburg, Jr. ("ALJ Meisburg") held hearings on

March 12, 2018 (the "March Hearing") and November 19, 2018 (the "November Hearing"). (R. 22, 41-62.) Gomez, represented by counsel, appeared at both hearings. (*Id.*) At the November Hearing, the ALJ also heard testimony from Dr. Nathan R. Strahl ("Dr. Strahl"), a non-examining medical expert. (R. 43-46.) Subsequently, on November 29, 2018, the ALJ entered a decision denying Gomez's application for DIB (the "2018 Decision"). (R. 22-33.) Gomez argues that ALJ Meisburg erred by assigning Dr. Strahl's opinion great weight but not explaining why he failed to account for the portion of his opinion in which he opined that Gomez meets Listing 12.03 when she does not take her medication. (*See* Doc. 28 at 11-13.)

On December 24, 2019, after exhausting administrative remedies,[1] Gomez filed her Complaint with the Court. (Doc. 1.) Then, on October 9, 2020, the parties submitted their Joint Memorandum of Law (Doc. 28) addressing their respective positions. (*See id.*) Subsequently, the United States Magistrate Judge entered the Report and Recommendation (Doc. 29), recommending that the Commissioner's decision be reversed and that Gomez's case be remanded because "to the extent the ALJ rejected Dr. Strahl's opinion that [Gomez] meets Listing 12.03 because that opinion was based on her noncompliance, that decision is not supported by substantial evidence due to the ALJ's failure to consider and make a finding regarding the reasons for [Gomez's] noncompliance." (*Id.* at 9.)

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence in the record as a whole. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *see also* 42 U.S.C. § 405(g), § 1383(c)(3). An ALJ's factual findings shall be conclusive if supported by

---

[1] On October 21, 2019, the Social Security Administration's Appeals Council denied review the 2018 Decision. (R. 1-3.)

2

substantial evidence. 42 U.S.C. § 405(g), § 1383(c)(3). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing, *inter alia, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid. *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991), and *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Id.* (citing *Cornelius*, 936 F.2d at 1146, and *Martin*, 894 F.2d at 1529). Additionally, a court reviewing the Commissioner's decision must "view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). However, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth*, 703 F.2d at 1239.

### III. DISCUSSION

Gomez bears the burden of proving that she is disabled within the meaning of the Social Security Act by providing relevant medical and other evidence to prove her disability. *See* 20 C.F.R. § 404.1512 (a); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) ("The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits."). In this case, after consideration of the evidence in the record, ALJ Meisburg found that "[Gomez] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart

3

P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (R. 25-27.) ALJ Meisburg then assigned a restrictive Residual Functional Capacity ("RFC") to Gomez's claim. (R. 27-31.) Specifically, ALJ Meisburg found that Gomez "has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she is limited to occasional contact with the public and simple routine tasks and no complex instructions." (*See* R. 27.) In assessing Gomez's limitations and RFC, ALJ Meisburg properly considered the testimony and opinion of Dr. Strahl. Dr. Strahl opined that Gomez has a history of poor medication compliance and meets the listing for Schizophrenia, Listing, 12.03, when non-compliant. (R. 44-45.) Dr. Strahl also opined that Gomez does not meet or equal Listing 12.03 or any other listed impairment when she is compliant with taking her prescribed medication. (R. 45.) After reviewing the record and hearing testimony from both Gomez and Dr. Strahl, including testimony about Gomez's non-compliance with taking prescribed medication, ALJ Meisburg gave Dr. Strahl's hearing testimony great weight and found Gomez could perform a range of medium work. (R. 25-29.) According to the 2018 Decision, "[Dr. Strahl's] opinion is consistent with the overall evidence, which supports no greater limitations than those included in the residual functional capacity assessed herein. . . . Accordingly, this opinion is given great weight." (R. 29.) ALJ Meisburg noted other hearing testimony and evidence of record supporting his findings that Gomez's mental impairment does not meet or medically equal the criteria of listing 12.03 and that Gomez can perform medium work with restrictions. (R. 25-31.) Additionally, "[t]he [Social Security] regulations provide that refusal to follow prescribed medical treatment without a good reason will preclude a finding of disability." *Dawkins v. Bowen*, 848 F. 2d 1211, 1213 (11th Cir. July 1988) (citing 20 C.F.R. § 416.930(b)) . In this case, Gomez has a history of non-compliance with taking prescribed medication, but she does not sufficiently present good reasons for her non-compliance, nor is there sufficient evidence

4

in the record of any such good reasons for non-compliance. The ALJ explicitly noted Gomez's non-compliance and the December 2018 decision, supported by substantial evidence, should be affirmed.

## IV. CONCLUSION

Each of ALJ Meisburg's findings is supported by substantial evidence and ALJ Meisburg applied the proper legal analysis to Gomez's disability claims. Accordingly, after review of the record as a whole, taking into account evidence both favorable and unfavorable to Plaintiff Vernessa Marie Gomez's claims, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 29) is **REJECTED**.

2. The Commissioner's final decision in this case is **AFFIRMED**.

3. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida, this _22_ day of December, 2020.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

5